UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVIE MAPP,<br><br>               Plaintiff,<br><br>v.<br><br>WELTMAN WEINBERG & REIS, CO., LPA and NAVY FEDERAL CREDIT UNION,<br><br>               Defendants. | Civil Action No. 24-cv-10811 (JXN)(AME)<br><br>**OPINION** |

**NEALS**, District Judge:

Before this Court is Defendant Weltman, Weinberg & Reis Co., LPA's ("WWR") motion to dismiss Plaintiff Stevie Mapp's ("Plaintiff") Complaint (ECF No. 1 at 7-14) ("Complaint" or "Compl.")[1] for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e) (ECF No. 10); and Defendant Navy Federal Credit Union's ("Navy Federal") motion to dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). For the reasons set forth below, WWR's motion (ECF No. 10) is **GRANTED in part**, with respect to its motion for a more definitive statement. WWR (ECF No. 10) and Navy Federal's (ECF No. 14) motions to dismiss the Complaint are **DENIED as moot**.

**I.   BACKGROUND**

On October 11, 2024, Plaintiff initiated this action by filing a Complaint against WWR and Navy Federal in the Superior Court of New Jersey, Law Division, Special Civil Part, Union

---

[1] For sake of clarity, when citing to the Complaint and the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

County. (*See* Compl.). Plaintiff's Complaint is a form Complaint. The entirety of Plaintiff's allegations follow:

> Violation of my consumer rights, fraudulent document editing, and false representation. Also violation of privacy rights, by having access and actual paperwork that ha[ve] nothing to do with the actual account at hand which was never approved nor a[s]ked or b[r]ought to my attention by the original creditor. False and negative data reporting, resulting to denial of needed credit extension. The Defendants ha[ve] also ignored, countless amounts of request for validation of debt and original request of agreem[en]t[]s. [T]here [are] over 20+ violations of consumer rights and fraud against FCRA, FDCPA, and TILA laws just to name a few. Rules and laws violations such as, 15 US Code 1962g, 15 US Code 1681S-2, US Code 1692 e. The issue has cause[d] me months and months of frustration, panic attacks, and unwanted stress.

(*Id.* at 11).

Navy Federal removed the case to this Court on Novembre 27, 2024, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 3 ¶¶ 12-16). WWR consented to removal of this action. (*Id.* at 2 ¶ 8).

Thereafter, on December 18, 2024, WWR moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively, moved for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF Nos. 10-11) ("WWR Br."). Plaintiff opposed WWR's motion (ECF No. 12) ("Opp'n to WWR Br."), to which WWR replied. ("ECF No. 13) ("WWR Reply").

On January 21, 2025, Navy Federal moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 14-15) ("Navy Federal Br."). Plaintiff opposed Navy Federal's motion (ECF No. 18) ("Opp'n to Navy Federal Br."), to which Navy Federal replied. (ECF No. 20) ("Navy Federal Reply").

Plaintiff filed sur-replies for both motions to dismiss. (ECF Nos. 17, 22).[2] Accordingly, the

---

[2] Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." Given Plaintiff's *pro se* status, the Court will consider the sur-replies. *See Richardson v. Cascade*

motions are ripe for the Court to decide.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citation modified). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true[.]" *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148,

---

*Skating Rink*, No. 19-8935, 2022 WL 2314836, at *2 n.1 (D.N.J. June 28, 2022) (considering a sur-reply filed by a pro se plaintiff without prior leave of court due to the greater leeway afforded to pro se litigants (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

3

2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

To determine a complaint's sufficiency, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[ ] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation modified).

### B. Motion for a More Definite Statement Pursuant to Rule 12(e)

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

"The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008) (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)). "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark*, 213 F.R.D. at 232 (citation modified). Further, "[w]hen a complaint does not provide a defendant notice of the facts underlying the plaintiff's claim(s), [such that] the defendant cannot adequately frame a proper response[,] [t]he 'Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying [the] plaintiff's claim for relief.'" *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857, 2009 WL 1652275, at *1 (D.N.J. June

4

11, 2009) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)).

## III. DISCUSSION

The Court will first address WWR's request in the alternative, to require Plaintiff to provide a more definitive statement pursuant to Rule 12(e). (WWR Br. at 10-11). WWR argues the "entire Complaint is an unintelligible paragraph that lists three separate causes of action involving '20+ violations' with no details." (*Id.* at 10). Additionally, WWR's contends the Complaint fails to specify which allegations and claims pertain to WWR or Navy Federal. (*Id.*) The Court agrees and grants WWR's motion for a more definitive statement.

"In determining whether to grant [WWR]'s motion for a more definite statement, the Court is mindful that Rule 12(e) cannot require more than Rule 8." *Brenek v. Wells Fargo Bank, N.A.*, No. 24-6844, 2025 WL 81571, at *3 (D.N.J. Jan. 13, 2025). "It is clear from the text of Rule 8 that a detailed factual pleading is not required. Instead, Plaintiff need only assert 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

As expressed in *Nicholas*, "the Third Circuit Court of Appeals has clarified the level of detail required in an initial pleading[.]" *Nicholas*, 2009 WL 1652275, at *2. To satisfy Rule 8(a), "'a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The Supreme Court elaborated on *Twombly*'s requirement that an initial pleading contain some factual content, finding that a Court must look at the facts actually pled by a party to determine if they met the plausibility requirement imposed by *Twombly*

5

and, again, noting that a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not do. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The Court finds Plaintiff's Complaint fails to satisfy the requirements of Rule 8(a). Affording Plaintiff all reasonable inferences, Plaintiff's Complaint, as filed, does not contain enough factual matter to suggest the required elements of claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, or the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Indeed, Plaintiff's Complaint is devoid of the factual enhancement needed to "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the FCRA, FDCPA, and TILA claims, which were outlined above. *Phillips*, 515 F.3d at 234 (citation modified).

Further, Rule 8(a)(2) requires that a complaint set forth claims with enough specificity to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *District Council 47, Am. Fed'n of State, Cty. & Mun., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016).

Plaintiff's singular paragraph Complaint raises violations without connecting the alleged violations to either WWR or Navy Federal. (*See* Compl. ("The Defendants ha[ve] also ignored, countless amounts of request for validation of debt and original request of agreem[ents].")). Because such vague group pleading "undermines the notice pleading regime of Rule 8," *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31,

6

2014), the Complaint must be dismissed for failing to place WWR and Navy Federal on notice of the claims against each of them. *See, e.g.*, *Inter Metals Grp. v. Centrans Marine Shipping*, No. 20-7424, 2022 WL 489404, at *7 (D.N.J. Feb. 17, 2022) ("Here, both Maverick and C.J. fail to satisfy the basic pleading requirement of providing adequate notice to each Co-Defendant of the specific claims against it. Their crossclaims are brought collectively against Centrans and the other Co-Defendants and fail to specify the personal involvement of any Co-Defendant."); *In re Ojo*, Nos. 21-11357, 21-11359, 21-11360, 21-11362, 2021 WL 3732904, at *2 (D.N.J. Aug. 23, 2021) ("With regard to Rule 8, the primary flaw in the Complaints is that they often allege that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act."); *Stransky v. PennyMac Holdings, LLC*, No. 18-15929, 2019 WL 4750150, at *6 (D.N.J. Sept. 30, 2019) ("Courts in this district have held 'group pleading' does not satisfy Rule 8 because it does not place the defendants on notice of the claims against them."); *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 14-1206, 2014 WL 3809173, at *2 ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants").

Accordingly, the Court grants WWR's motion for a more definitive statement.[3]

## IV. CONCLUSION

For the reasons set forth above, WWR's motion (ECF No. 10) is **GRANTED in part**, with respect to its motion for a more definitive statement. WWR (ECF No. 10) and Navy Federal's (ECF No. 14) motions to dismiss the Complaint are **DENIED as moot**.

DATED: 7/22/2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[3] As the Court granted WWR's motion for a more definitive statement, the Court denies WWR (ECF No. 10) and Navy Federal's (ECF No. 14) motions to dismiss the Complaint as moot.